GIBSON, DUNN & CRUTCHER LLP
DOUGLAS FUCHS, SBN 196371
  DFuchs@gibsondunn.com
NICOLA HANNA, SBN 130694
  NHanna@gibsondunn.com
DANIEL NOWICKI, SBN 304716
  DNowicki@gibsondunn.com
JIMMY ROTSTEIN, SBN 305072
  JRotstein@gibsondunn.com
RAYCHEL TEASDALE, SBN 335034
  RTeasdale@gibsondunn.com
BRENNA GIBBS, SBN 342388
  BGibbs@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendant
Andrew A. Wiederhorn*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00296-WLH |
|---|---|
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT** |
| v. | |
| Andrew A. Wiederhorn | **Indictment Filed**: May 9, 2024 |
| Defendant. | **Pretrial Conference**: February 7, 2025 |
| | **Trial**: February 18, 2025 |
| | **Speedy Trial Date**: April 3, 2025 |
| | **Hearing Date**: August 23, 2024 |
| | **Hearing Time**: 9:30 a.m. |
| | **Dept**: Courtroom 9B |
| | **Judge**: Honorable Wesley L. Hsu |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on August 23, 2024 at 9:30 a.m., or as soon thereafter as this matter may be heard, before the Honorable Wesley Liu Hsu in Courtroom 9B of the above-entitled Court, located at 350 West First Street, Los Angeles, CA, 90012, Defendant Andrew A. Wiederhorn ("Mr. Wiederhorn") will, and hereby does, move this Court for an order dismissing the indictment.

On May 9, 2024, the Ninth Circuit issued an opinion in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), holding that 18 U.S.C. § 922(g)(1) "violates the Second Amendment" when applied to "a non-violent offender who has served his time in prison and reentered society." *Duarte*, 101 F.4th at 661. The panel in *Duarte* applied the rule of *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc)—which allows a later panel to overrule Ninth Circuit precedent when its reasoning is "clearly irreconcilable" with intervening Supreme Court authority—to overrule *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010). *Duarte*—and its application of *Miller*—is binding in the Ninth Circuit, and a "district judge may not respectfully (or disrespectfully) disagree" with "his own court of appeals." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).

Under *Duarte,* to justify a 922(g)(1) charge against a non-violent offender like Mr. Wiederhorn, the government must "proffer Founding-era felony analogues that are 'distinctly similar' to [the defendant]'s underlying offenses and would have been punishable either with execution, with life in prison, or permanent forfeiture of the offender's estate." *Id.* at 690. *Duarte* applied the two-part test put forth in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022): (1) when the plain text of the Second Amendment covers an individual's conduct, that conduct is presumptively lawful; and (2) to justify its regulation, the government must demonstrate the regulation is consistent with this Nation's historical tradition of firearm regulation. *Bruen*, 597 U.S. at 17. The Supreme Court's recent decision in *United States v. Rahimi*, 2024 WL 3074728 (U.S. June 21, 2024), reaffirmed *Bruen* and held that the Second Amendment distinguishes between violent and nonviolent citizens: "our Nation's tradition of firearm

regulation distinguishes citizens who have been found to pose a credible threat to the physical safety of others from those who have not." *Id.* at *10. Thus, *Duarte* and *Bruen* compel dismissal here because Mr. Wiederhorn's prior felony convictions are non-violent and are not supported by a historical tradition of firearm regulation.

First, Mr. Wiederhorn's alleged conduct is covered by the plain text of the Second Amendment. Mr. Wiederhorn is an American citizen, and thus entitled to the Second Amendment's protections regardless of his felon status. *See Duarte*, 101 F.4th at 691. The government alleges Mr. Wiederhorn simply possessed a handgun and ammunition. ECF No. 1 at 1. *Duarte* and *Bruen* hold that the Second Amendment "protects the arm in this case (a handgun) and the conduct involved (simple possession)." *Duarte*, 101 F.4th at 671. The same is true for his alleged possession of ammunition. *See Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953, 967 (9th Cir. 2014) (right to possess ammunition is protected by Second Amendment). Mr. Wiederhorn easily passes step one of *Bruen*.

Second, because Mr. Wiederhorn's conduct is covered by the plain text of the Second Amendment, "[t]he Government now 'shoulder[s] the burden of demonstrating' at step two of Bruen" that Mr. Wiederhorn can be stripped of his right to bear arms. *Duarte*, 101 F.4th at 676. This means the Government must "proffer Founding-era felony analogues that are 'distinctly similar' to [Mr. Wiederhorn's] underlying offenses and would have been punishable either with execution, with life in prison, or permanent forfeiture of the offender's estate." *Id.* at 690 (quoting *Bruen*, 597 U.S. at 27). The government cannot. Mr. Wiederhorn's prior felony convictions were for (1) payment of gratuities to an ERISA plan manager in violation of 18 U.S.C. § 1954; and (2) filing a false tax return in violation of 26 U.S.C. § 7206(1). Both of these prior felonies are non-violent and criminalize conduct that was not criminal (or even heard of) in the Eighteenth century. They are modern statutes with no distinctly similar analogues at Founding. For these reasons, the indictment must be dismissed because 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Mr. Wiederhorn.

The government's pending petition in *Duarte* for rehearing *en banc* should not change this Court's analysis and does not weigh in favor of a stay, as the government will likely argue. Under *In re Zermeno-Gomez*, 868 F.3d 1048 (9th Cir. 2017), "a published decision of [the Ninth Circuit] constitutes binding authority" and a district court must follow it—unless and until "it is withdrawn by the court." *In re Zermeno-Gomez*, 868 F.3d at 1052. The issuance of the "mandate" is irrelevant to whether a decision is binding. *Id.* at 1052. Thus, *Duarte* is binding and must be followed by this Court. Further, dismissal is especially appropriate here, because the government charged Mr. Wiederhorn under 922(g)(1) after *Duarte* had already made clear the charge was unconstitutional. Staying dismissal and allowing the government to wait and see if it can overturn *Duarte* would reward the government for charging a man who is innocent under the law at the time of the charge. The Court should dismiss the indictment immediately.

This Motion is based on this Notice of Motion and the Memorandum of Points and Authorities, the Declaration of Douglas Fuchs filed concurrently in support thereof, all of the pleadings and papers on file in this action, all matters of which this Court may take judicial notice, and on such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

Pursuant to Dkt. No. 21, Hon. Hsu's Criminal Standing Order citing Local Criminal Rule 57-1 and Local Rule 7-3, this Motion is made following a June 5, 2024 meet and confer with the government, and Mr. Wiederhorn's discovery letter dated May 30. Despite these efforts, the parties were unable to resolve the issues presented in this Motion.

| | | |
|---|---|---|
| 1 | DATED: July 9, 2024 | Respectfully submitted, |
| 2 | | GIBSON, DUNN & CRUTCHER LLP |
| 5 | | By: */s/ Douglas Fuchs*<br>　　　Douglas Fuchs |
| 8 | | *Attorney for Defendant*<br>*Andrew A. Wiederhorn* |