E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ADAM P. SCHLEIFER (Cal. Bar No. 313818)
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorneys
Corporate Fraud and Securities Strike Force/Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:     (213) 894-4849/8536
     Facsimile:     (213) 894-0141
     E-mail:        adam.schleifer@usdoj.gov;kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 24-00296-WLH |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION FOR ORDER SHORTENING HEARING ON DEFENDANT'S MOTION TO STAY THE CASE (DKT. 43) |
| v. | |
| ANDREW A. WIEDERHORN, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kevin B. Reidy and Adam P. Schleifer, hereby files its opposition to defendant's ex parte motion for order shortening hearing on defendant's motion to stay the case (Dkt. 43).

//

//

The government's opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and any additional evidence or argument that the Court may wish to consider at a hearing on this matter.

Dated: September 3, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*/s/*
_____
KEVIN B. REIDY
ADAM P. SCHLEIFER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

At 6:11 p.m. on the Friday before Labor Day weekend, defendant Andrew A. Wiederhorn ("defendant") filed an ex parte motion to advance the hearing date on his motion to stay proceedings by two weeks. (Dkt. 43.) Because defendant deliberately misused the ex parte process and failed to show good cause to shorten the hearing time, his request should be denied.

This Court should deny defendant's motion because the circumstances of the filing reveal defendant's intent unfairly to use the ex parte process to gain a perceived tactical advantage. Specifically, defendant filed an ex parte motion after business hours on the Friday before Labor Day weekend, requiring a response by 3:00 p.m. the day after the holiday. Courts routinely rebuke attorneys who engage in such sharp practices. See Converse Inc. v. Reebok Int'l Ltd., 328 F. Supp. 2d 166, 170-71 (D. Mass. 2004) (affirming sanctions imposed for party's "attempt to blindside Reebok with an emergency motion filed the Friday before a holiday weekend"); Shore Offshore Services, LLC v. JAB Energy Solutions, LLC, Case No. 18-1288, 2019 WL 367276, at *4 n.5 (E.D. La. Jan. 29, 2019) (concluding that filing motion for leave "the Friday before the Martin Luther King Holiday" had "demonstrate[d] . . . a lack of professionalism toward opposing counsel"); Garcia v. Ford Motor Co., Case No. 4:05CV02197 RWS, 2007 WL 2711600, at *2 (E.D. Mo. Sept. 14, 2007) (imposing sanctions on plaintiffs because "[f]axing Defendants on . . . the Friday before the Labor Day Holiday[] to notify Defendants that Plaintiffs would be initiating a new lawsuit in Mexico was unreasonable").

Defendant's assertion that he had "no alternative means of seeking this relief," (Dkt. 43 at 4), is belied by the record. The Ninth Circuit issued its en banc rehearing order in Duarte on July 17, 2024. United States v. Duarte, 108 F.4th 786, 786 (9th Cir. 2024). Defendant withdrew its motion to dismiss proceedings based on the Duarte ruling on July 24, 2024. (Dkt. 39.) Defendant has had some six weeks since the Duarte ruling to draft and file a stay motion and schedule a hearing date without the need for an emergency motion. Indeed, based on his email to government counsel, defendant had been contemplating filing a stay motion with a shortened hearing no later than two weeks ago. (See Dkt. 43-2 (August 19, 2024 e-mail from Doug Fuchs to government counsel requesting position on stay motion).) Even at that later time, defendant could have easily submitted an ex parte motion to advance the hearing date on its forthcoming motion to stay proceedings. Delaying filing until an emergency motion would cause the most inconvenience to the court and the government constitutes a flagrant abuse of the ex parte process that alone warrants denial of this motion.

Defendant further compounded the outrageousness of his behavior by failing properly to meet and confer with government counsel concerning the hearing date. This Court's criminal standing order requires parties to "discuss thoroughly the substance of the contemplated pre-trial motion and any potential resolution." (Standing Order for Criminal Cases, Dkt. 21 ¶ 4(a).) But defendant never once raised the timing of the hearing with government counsel. (See Dkt. 43-2.) Instead of discussing potential hearing dates with their counterparts, defense counsel unilaterally chose the September 20, 2024 date and filed this emergency motion. Had defendant

2

1  complied with this Court's standing order, he could have learned
2  government counsel's conflicts,[1] discovered whether other earlier
3  dates were feasible for both sides, and allowed the parties jointly
4  to contact the Court about its availability before requesting a
5  hearing date.  This Court should not reward defendant's unreasonable
6  course of conduct by granting his ex parte request.
7       Lastly, defendant's rationale for shortening the hearing time
8  does not support his extraordinary emergency request.  Defendant
9  laments that, if the hearing were held on October 4, 2024, a date
10 defendant acknowledges is "four weeks before the pretrial motions
11 deadline," defendant "may need to expend resources preparing their
12 pretrial motions (and otherwise preparing for trial) before the Court
13 has the opportunity to decide the motion."  (Dkt. 43 at 2-3.)  But
14 defendant has not specified what resources would be expended or what
15 critical tasks he "may need" to complete during this two-week time
16 period that would necessitate moving the hearing. See, e.g., Samp v.
17 JPMorgan Chase Bank, N.A., Case No. EDCV11-1950VAP(SPx), 2012 WL
18 12888434, at *4 (C.D. Cal. May 7, 2012) (denying relief where moving
19 party maintained "they would suffer a hardship because they would
20 have to expend significant 'time and resources'" but "do not, however
21 specify what 'time or resources' would be expended if the Court did
22 not grant" their request).  This lack of detail suggests that
23 defendant cannot make the necessary showing to justify an emergency
24 request to advance this hearing by two weeks.

---

[1] For example, one counsel for the government is unavailable due to travel and the observance of religious holidays from October 2 through October 11, 2024.

3

This Court should deny defendant's ex parte motion to advance the hearing date to September 20, 2024. To ensure defendant does not benefit from filing on the Friday night before Labor Day by shortening the government's response time, the government asks leave to submit its response by September 11, 2024. If the Court is available, the government can appear for the hearing on September 27, 2024, at a time that best suits the Court.