GIBSON, DUNN & CRUTCHER LLP
DOUGLAS FUCHS, SBN 196371
    DFuchs@gibsondunn.com
NICOLA HANNA, SBN 130694
    NHanna@gibsondunn.com
DANIEL NOWICKI, SBN 304716
    DNowicki@gibsondunn.com
JIMMY ROTSTEIN, SBN 305072
    JRotstein@gibsondunn.com
RAYCHEL TEASDALE, SBN 335034
    RTeasdale@gibsondunn.com
BRENNA GIBBS, SBN 342388
    BGibbs@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone:  213.229.7000
Facsimile:   213.229.7520

*Attorneys for Defendant*
*Andrew A. Wiederhorn*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW A. WIEDERHORN,<br><br>Defendant. | CASE NO. 2:24-CR-00296-WLH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE**<br><br>**Indictment Filed**: May 9, 2024<br>**Pretrial Conference**: July 3, 2025<br>**Trial**: July 15, 2025<br>**Speedy Trial Date**: December 24, 2025<br>**Hearing Date**: April 4, 2025<br>**Hearing Time**: 9:30 a.m.<br>**Dept**: Courtroom 9B<br>**Judge**: Honorable Wesley L. Hsu |

2:24-CR-00296-WLH

Gibson, Dunn &
Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER
CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

# TABLE OF CONTENTS

**Page**

I.     ARGUMENT..................................................................................................7

    A.     The Court Has Broad Discretion To Issue A Continuance Under The Speedy Trial Act ................................................................................7

    B.     There Are Multiple Grounds For An Ends Of Justice Continuance..........8

        1.     Failing to continue the proceedings would likely result in a "miscarriage of justice." ..................................................................8

        2.     Mr. Wiederhorn's case presents "novel questions of … law."......10

        3.     This case presents "unusual" and "complex" issues beyond the question of the constitutionality of the charge.........................11

        4.     Failing to grant a continuance would deny defense counsel "the reasonable time necessary for effective preparation." ..........16

    C.     A Further Continuance Will Not Prejudice The Government .................19

II.     CONCLUSION .................................................................................20

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Furlow v. United States*,
    644 F.2d 764 (9th Cir. 1981) ...................................................................... 16

*Leyva v. Certified Grocers of California, Ltd.*,
    593 F.2d 857 (9th Cir. 1979) ..................................................................... 19

*Range v. Attorney General*,
    124 F.4th 218 (3d Cir. 2024) ................................................................... 3, 9

*United States v. Baker*,
    2023 WL 8487873 (W.D. Okla. Dec. 7, 2023) ......................................... 10

*United States v. Carlos Recinos*,
    2020 WL 8255338 (C.D. Cal. Aug. 19, 2020) .......................................... 16

*United States v. Craighead*,
    539 F.3d 1073 (9th Cir. 2008) ................................................................. 11

*United States v. Diaz*,
    116 F.4th 458 (5th Cir. 2024) .................................................................... 9

*United States v. Doe*,
    705 F.3d 1134 (9th Cir. 2013) ................................................................. 15

*United States v. Dota*,
    33 F.3d 1179 (9th Cir. 1994) ................................................................... 17

*United States v. Duarte*,
    101 F.4th 657 (9th Cir. 2024) .................................................................... 9

*United States v. Duarte*,
    No. 22-50048 ......................................................................................... 1, 2

*United States v. Elie*,
    2023 WL 2731082 (E.D. Tenn. Mar. 30, 2023) ....................................... 10

*United States v. Escobar-Ayala*,
    2018 WL 2735409 (N.D. Cal. June 7, 2008).............................................. 17

*United States v. Garrett*,
    179 F.3d 1143 (9th Cir. 1999) .................................................................... 7

*United States v. Heine*,
    314 F.R.D. 498 (D. Or. 2016).................................................................... 12

Gibson, Dunn & Crutcher LLP

*United States v. Henderson*,
  746 F.2d 619 (9th Cir. 1984) ................................................................. 11

*United States v. Johnson*,
  2024 WL 4728978 (E.D. Cal. Nov. 8, 2024) ................................. 10, 19, 20

*United States v. Johnson*,
  2022 WL 228974 (E.D. Cal. Jan. 26, 2022) ........................................... 11

*United States v. Lewis*,
  611 F.3d 1172 (9th Cir. 2010) ............................................................. 19

*United States v. McCarns*,
  900 F.3d 1141 (9th Cir. 2018) ............................................................... 7

*United States v. Medina*,
  524 F.3d 974 (9th Cir. 2008) ............................................................... 17

*United States v. Nguyen*,
  262 F.3d 998 (9th Cir. 2001) ......................................................... 10, 18

*United States v. Olsen*,
  21 F.4th 1036 (9th Cir. 2022) ............................................................... 8

*United States v. Orozco-Barron*,
  72 F.4th 945 (9th Cir. 2023) ................................................................. 8

*United States v. Warren*,
  984 F.2d 325 (9th Cir. 1993) ............................................................... 17

*United States v. Williams*,
  113 F.4th 637 (6th Cir. 2024) ............................................................... 9

**Statutes**

18 U.S.C. §921(a)(20)(A) ...................................................................... 12

18 U.S.C. §3161(h)(7)(A) ........................................................................ 7

18 U.S.C. §3161(h)(7)(B)(i) ............................................................. passim

**Rules**

Fed. R. Crim. P. 16(a)(1)(E) .............................................................. 4, 15

Fed. R. Crim. P. 16(a)(1)(B)(ii) ........................................................... 12

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court should continue the pretrial motions deadline and trial date in this action.[1]  Four months ago, the Court continued proceedings in this case on the grounds that: (1) proceeding without the Ninth Circuit's ruling in *United States v. Duarte*, No. 22-50048 would "likely 'result in a miscarriage of justice'"; (2) "the constitutionality of the charge against Mr. Wiederhorn poses 'novel questions of law' that are currently unresolved"; (3) the "case involves voluminous discovery, currently exceeding 2.9 million pages in volume, and a number of legal issues to be adjudicated in pretrial motions such that this case is 'complex' and will require additional time to litigate"; and (4) "even if this case is not 'complex,' the voluminous discovery, the fact that discovery from the government remains outstanding, and the numerous legal issues presented by this case" "are such that the failure to grant a continuance would 'deny counsel for the defendant … reasonable time necessary for effective preparation.'"  ECF No. 57 at 1–3 (citing 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (ii), and (iv)).

Each of these grounds are still present and justify a further continuance in this matter—the Ninth Circuit still has not issued its ruling in *Duarte* and the constitutionality of the charge against Mr. Wiederhorn remains unresolved; the government *still* has not produced all outstanding discovery—i.e., it has not produced all government agent notes regarding the search that led to the seizure of the gun at issue,

---

[1] Mr. Wiederhorn originally sought this extension through an *ex parte* application on February 20, 2025 (ECF No. 60), after Judge Klausner denied an unopposed continuance request in the related fraud case on February 13.  *See* No. 2:24-cr-00295-RGK, ECF No. 98.  Mr. Wiederhorn did not request a continuance in this case until after Judge Klausner ruled on the requested continuance in the fraud case because Mr. Wiederhorn needed to know what the trial schedule in the fraud case would be to plan around it.  However, if Mr. Wiederhorn had filed a noticed motion after Judge Klausner's order was issued on February 13, the motion would not have been heard until less than two weeks before the pretrial motions deadline in this case on March 31, 2025—so Mr. Wiederhorn applied *ex parte* for a continuance in order to avoid running up against the motions deadline.  The Court denied Mr. Wiederhorn's *ex parte* request, finding the application did not meet the requirements for *ex parte* relief.  *See* ECF No. 62.  But the Court also moved the pretrial motions deadline to May 2, 2025, thus removing the concern that had led Mr. Wiederhorn to file his application *ex parte*.  Mr. Wiederhorn is thus now bringing this request to continue in a noticed motion.

Gibson, Dunn &
Crutcher LLP

1

2:24-CR-00296-WLH

it has not produced the contents of nine different devices seized from Mr. Wiederhorn's son (the actual owner of the gun), and it has not produced relevant portions of Mr. Wiederhorn's IRS file (relevant to challenging the underlying warrant that the government was executing when it seized the gun); and the legal issues raised in Mr. Wiederhorn's pretrial motions are complex (and require review of the outstanding discovery).

Further, two senior members of the defense team have been severely impacted by the Palisades and Eaton fires, which has hindered Mr. Wiederhorn's counsels' ability to prepare his defense. Douglas Fuchs lost his home in the Palisades Fire, as well as much of his hard copy work product in this case. This work product was extensive and necessary to the preparation of Mr. Wiederhorn's pretrial motions, which are currently due to be filed May 2, 2025. Daniel Nowicki's home has been rendered uninhabitable by the Eaton Fire, and he will not be able to return home unless and until the house undergoes exhaustive remediation. As a result of losing the use of their homes, Mr. Fuchs and Mr. Nowicki have been unable to dedicate necessary time to this case— and they have only recently secured alternative housing. Defense counsel needs additional time to move forward following the devastation of the wildfires and provide Mr. Wiederhorn the defense to which he is entitled.

Given these facts, there are numerous independent grounds for an "ends of justice" continuance under the Speedy Trial Act.

***Proceeding without a continuance would likely result in a miscarriage of justice***. This Court previously found that "proceeding to trial without the Ninth Circuit's ruling in *United States v. Duarte*, No. 22-50048 and its guidance on the constitutionality of 18 U.S.C. § 922(g)(1) under the specific facts presented in this case would likely 'result in a miscarriage of justice.'" ECF No. 57 at 2 (citing 18 U.S.C. § 3161(h)(7)(B)(i)). This remains true.

2

Gibson, Dunn & Crutcher LLP

2:24-CR-00296-WLH

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

Two months ago, the Third Circuit issued its decision in *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024). The *Range* Court held that 922(g)(1) was unconstitutional as applied to a non-violent individual whose prior conviction was for making a false statement to obtain food stamps. *Id.* at 230–232. The Third Circuit's ruling is in line with other Circuit courts that have held that 922(g)(1) is susceptible to as-applied challenges. *See* ECF No. 42-1 at 14 (Sixth Circuit); ECF No. 48 (Fifth Circuit).

The Ninth Circuit is poised to decide this exact question over the next several months. It would be pointless and unjust to force Mr. Wiederhorn to endure a trial only for the Ninth Circuit to later rule that this case is unconstitutional. And, even if the Ninth Circuit issues its ruling before the current May 2, 2025 motions deadline, it would be unjust to force Mr. Wiederhorn to file pretrial motions without sufficient time to understand the impact of the ruling on the defense strategy and incorporate *Duarte*'s holding into a motion to dismiss.

**The case raises novel questions of law**. As this Court previously found, this case also raises "novel questions of … law" that will not be resolved until the Ninth Circuit rules in *Duarte*. ECF No. 57 at 2 (citing 18 U.S.C. § 3161(h)(7)(B)(ii)).

**This case is complex**. As this Court also found, this case is "complex" such that it "will require additional time to litigate." ECF No. 2–3. As defense counsel explained in the previous *ex parte* applications to continue (*see* ECF Nos. 53, 60), this case will involve multiple, complex pretrial motions. Many of these motions will likely require evidentiary hearings—for example, a motion to suppress Mr. Wiederhorn's un-*Mirandized* statements and a motion challenging the underlying search warrant that allowed agents to search Mr. Wiederhorn's home in the first place. But defense counsel has been prevented from completing these motions by two factors outside of their control: (1) the fires, which have displaced two senior members of the Defense team;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

1    and (2) the government's continued failure to produce all discovery relating to the

2    motions.

3         The government's failure to produce discovery continues to prevent

4    Mr. Wiederhorn's counsel from preparing motions supporting his defense.  For example,

5    the government has still not produced notes taken by agents during the search of

6    Mr. Wiederhorn's home which resulted in the seizure of the gun at issue—which are

7    relevant because the government has taken conflicting positions regarding when

8    Mr. Wiederhorn was interrogated about the gun (putting the credibility of the

9    government's agents at issue), with some reports saying Mr. Wiederhorn was

10   interrogated in his driveway while surrounded by agents (which is true) and other reports

11   claiming he was asked about the gun at his kitchen table (which is false).  In its

12   opposition to Mr. Wiederhorn's October 2024 *ex parte* application to continue, the

13   government unequivocally stated that no notes from the search existed.  But that

14   statement proved to be false; just two weeks ago, the government produced handwritten

15   notes from an IRS Special Agent describing his conversation with Mr. Wiederhorn on

16   the day of the search.   And there are still government reports reflecting critical

17   conversations with Mr. Wiederhorn on the day of the search for which no notes have

18   been produced.  Mr. Wiederhorn's counsel needs to review *all* the notes from the search

19   before filing his *Miranda* motion.

20         In addition, the government has still not produced any discovery from 9 of the 11

21   devices it seized from Thayer Wiederhorn—Mr. Wiederhorn's son, who told agents that

22   the gun at issue was his.  The government claims that it is "in the process" of producing

23   copies of the devices to Thayer Wiederhorn (ECF No. 61 at 4), but it still has not

24   produced that discovery to anyone (either Thayer or his father).[2]  The government also

25   has still not produced Mr. Wiederhorn's complete IRS collection file—even though this

---

[2] The government also claims, without citing anything, that it can produce discovery
from the devices to Thayer's counsel without producing the discovery to his father.  ECF
No. 61 at 4.  But discovery must be produced *to the defendant*.  *See* Fed. R. Crim. P.
16(a)(1)(E).

4

Gibson, Dunn &
Crutcher LLP

file is critical to analyzing whether the warrant that caused the government to be at Mr. Wiederhorn's house in the first place (which was based in large part on allegations of tax fraud) contains false statements and misleading omissions. The government has also committed to reproducing at least some portion of 1.8 million pages of discovery that it previously produced with deficiencies including missing documents and significant technical and metadata issues (making it nearly impossible to meaningfully review). Despite raising this issue several months ago, defense counsel only just received the re-produced discovery earlier this week, but has not yet been able to view it due to backend processing requirements.

All of this discovery is relevant to this case and to Mr. Wiederhorn's pretrial motions challenging the search of his home (and interrogation during the search). Although the government claims any discovery relating to the fraud case is not relevant to this case (*see* ECF No. 61 at 4), this is simply false—as Mr. Wiederhorn already explained. *See* ECF No. 53 at 9–10; ECF No. 56 at 9. The IRS information is relevant to analyzing the extent of misstatements and omissions in the warrant used to search Mr. Wiederhorn's house, and is thus squarely relevant to Mr. Wiederhorn's *Franks* motion in this case. Mr. Wiederhorn should not be forced to file his pretrial motions and prepare his defense without the benefit of full discovery. For this reason as well, a continuance is warranted.

***Denying a continuance would deny Mr. Wiederhorn's counsel reasonable time necessary for preparation***. At a minimum, denying a continuance "would deny counsel for the defendant … the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). When granting the October 2024 continuance, the Court held that Mr. Wiederhorn's counsel could not prepare his defense without receiving all the discovery, and could not properly advise Mr. Wiederhorn regarding the constitutionality of the charge against him until *Duarte* is decided. ECF No. 57 at 2–3. That remains true—as explained, voluminous discovery remains outstanding, and *Duarte* is still

Gibson, Dunn & Crutcher LLP

2:24-CR-00296-WLH

pending.   And the impact of the Palisades and Eaton fires has further prevented Mr. Wiederhorn's counsel from preparing for his defense.   The continuance Mr. Wiederhorn requests will provide his counsel with the time needed to move forward in the aftermath of the devastating fires; benefit from critical, and possibly case-dispositive, guidance from the Ninth Circuit; receive and review the discovery the government is obligated to produce, yet has not; and prepare several pretrial motions.

In sum, all of the reasons this Court previously found warranted a continuance remain.  *Duarte* is still not decided, the government has still not produced all discovery, and defense counsel still needs discovery to complete its pretrial motions.  And now a natural disaster has further delayed preparation of Mr. Wiederhorn's defense.  On the other side of the ledger, the government has never articulated any reason why the case must proceed to trial immediately—indeed, the government delayed bringing this case for more than two years following discovery of the gun.

Yet the government has stated it opposes "any continuance" of this trial—of any length.  By contrast, Mr. Wiederhorn's proposal will provide him with the necessary time to prepare his defense—and receive and review the government's outstanding discovery—and allow for his counsel to advise him regarding the outcome in *Duarte*, when the case is decided.  While the government has not proposed a shorter continuance (the government opposes "any" continuance), a shorter continuance than Mr. Wiederhorn requests would either not be long enough to provide Mr. Wiederhorn with the time to receive, review, and use all discovery, or would conflict with the fraud trial.

Mr. Wiederhorn proposes moving the pretrial motions deadline from May 2, 2025 to October 14, 2025, and the trial date from July 15, 2025 to January 27, 2026.  This schedule accommodates the trial scheduled in the related fraud case before Judge Klausner; trial in that case is scheduled to begin on October 28, 2025, and should run

Gibson, Dunn & Crutcher LLP

2:24-CR-00296-WLH

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

into December 2025.[3]  In its opposition to Mr. Wiederhorn's February 20, 2025 *ex parte* application to continue, the government baselessly claimed that Mr. Wiederhorn executed a "strategic gambit" and waited to file his *ex parte* so that he could "maneuver this trial to follow the fraud trial."  ECF No. 61 at 3.  This is incorrect.  Mr. Wiederhorn was waiting to see if Judge Klausner would grant a continuance in the fraud case so this case could proceed to trial in its place—in fall 2025.  Only once that request was denied did defense counsel request to move this trial to January 2026 (after the fraud trial).

For the same reasons the Court granted the prior continuance—as well as because of the disruption caused by the fires—the Court should grant the requested continuance of the pretrial deadlines and trial date.

## I.     ARGUMENT

The Court has broad discretion to grant an "ends of justice" continuance under the Speedy Trial Act, and there are several grounds for such a continuance here.

### A.     The Court Has Broad Discretion To Issue A Continuance Under The Speedy Trial Act

District courts have "broad discretion … on matters of continuances."  *United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999) (explaining that there is no requirement that a party seeking a continuance show a "compelling reason" for such a continuance, and district courts generally have broad discretion to grant continuances).  The Speedy Trial Act "allows for continuances under various circumstances, including when the district court 'find[s] that the ends of justice served by [granting a continuance] ... outweigh the best interest of the public and the defendant in a speedy trial.'"  *United States v. McCarns*, 900 F.3d 1141, 1144 (9th Cir. 2018) (quoting 18 U.S.C. § 3161(h)(7)(A)).  This "ends of justice" provision is "meant to provide necessary

---

[3] Although the government opposes any continuance of this trial, it did *not* oppose a continuance of the fraud trial to February 2026.  The Defendants in that case filed an unopposed request for continuance, but Judge Klausner denied that request in a one-line order.  *See* Case No. 2:24-cr-00295-RGK, ECF No. 98 at 1.  Nevertheless, the requested continuance is appropriate in *this* case for all the reasons explained in this motion.

7

Gibson, Dunn & Crutcher LLP

2:24-CR-00296-WLH

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

flexibility to district courts to manage their criminal cases." *United States v. Olsen*, 21 F.4th 1036, 1045 (9th Cir. 2022); *see also id.* ("the ends of justice provision is 'the heart of the speedy trial scheme' and provides for 'necessary flexibility'" (quoting S. Rep. No. 93–1021, 93d Cong., 2d Sess. 39 (1974))).

When granting an ends-of-justice continuance, the court must: (1) set a specific time limit for the continuance; (2) set forth its "its reasons for finding that the ends of justice outweigh the public's and defendant's interest in a speedy trial"; and (3) base its decision on one or more of the "enumerated factors" in the Speedy Trial Act's ends-of-justice provisions, at 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). *United States v. Orozco-Barron*, 72 F.4th 945, 947–48 (9th Cir. 2023).

"[D]istrict courts have broad discretion to consider any factors based upon the specific facts of each case, and a court is not required to address every factor listed in the statute as long as its reasoning is sufficient to justify excluding the continuance from the Act's seventy-day limit." *Id.* at 948 (internal quotations and citation omitted).

**B.    There Are Multiple Grounds For An Ends Of Justice Continuance**

There are multiple grounds supporting an ends of justice continuance here. Indeed, the Court already found that the facts—which have not materially changed, other than the existence of the fires—justified a continuance of this matter. *See* ECF No. 57.

**1.    Failing to continue the proceedings would likely result in a "miscarriage of justice."**

First, proceeding to trial without the Ninth Circuit's guidance on the constitutionality of the indictment would likely "result in a miscarriage of justice" under 18 U.S.C. § 3161(h)(7)(B)(i). *See* ECF No. 57 at 2 (Court correctly finds *Duarte* supports a continuance). Mr. Wiederhorn's two prior convictions are for nonviolent, distinctly 21st-century crimes—releasing an ERISA plan manager from a personal loan guarantee and making a misstatement on a tax return. ECF No. 33-1 at 13–17; ECF No. 42-1 at 11. As such, there can be no dispute that the *en banc* Ninth Circuit's resolution

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

of *Duarte* is likely to have a significant impact on this case.  *See also* ECF No. 51 at 2 ("[T]he Ninth Circuit's *en banc* resolution of *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), … is likely to have a significant impact on this case.").  If the Ninth Circuit determines that 922(g)(1) is unconstitutional as applied to non-violent defendants—or that it is constitutional only insofar as the defendant was convicted of a crime analogous to a Founding-era felony punishable by death, life imprisonment, or estate forfeiture— then the government's indictment here will likely be unconstitutional.

This is not a case where the unconstitutionality of the indictment is hypothetical. Three Circuit courts—the Third, Fifth, and Sixth Circuits—have all held that 922(g)(1) is susceptible to as-applied challenges by non-dangerous defendants like Mr. Wiederhorn.  *See* ECF No. 42-1 at 14; ECF No. 48.  First, in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), the Sixth Circuit held that 922(g)(1) is unconstitutional as-applied to a defendant if the defendant is not "dangerous."  *See id.* at 663 ("as-applied challenges provide a mechanism for courts to make individualized dangerousness determinations").  Then, in *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), the Fifth Circuit similarly held that it is unconstitutional to strip someone of their Second Amendment rights for life simply because they are a "felon," and instead held that 922(g)(1) is constitutional only when applied to individuals whose crimes would have resulted in "capital punishment or estate forfeiture" at the time of the Founding. *Id.* at 469–70 ("Simply classifying a crime as a felony does not meet the level of historical rigor required by *Bruen* and its progeny.").  And most recently, in *Range v. Att'y Gen. United States*, 124 F.4th 218 (3d Cir. 2024), the *en banc* Third Circuit held that it was unconstitutional to apply 922(g)(1) to an individual convicted of nonviolent offenses.  *See id.* at 232 ("The Government has not shown that our Republic has a longstanding history and tradition of depriving people like Range of their firearms.").

If the Ninth Circuit follows these Circuits, the indictment in this case will be rendered unconstitutional.  "Due to the importance of the Constitutional rights at issue

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

… the failure to grant a continuance—with this issue unsettled—would likely result in a miscarriage of justice." *United States v. Elie*, 2023 WL 2731082, at *4 (E.D. Tenn. Mar. 30, 2023). At least one other court in the Ninth Circuit recently found that a continuance was warranted under these same circumstances for a nonviolent defendant charged with a violation of 922(g)(1). *See United States v. Johnson*, 2024 WL 4728978, at *1 (E.D. Cal. Nov. 8, 2024) ("[T]he court finds proceeding to trial without allowing time for the circuit court to issue its [*Duarte*] decision on novel questions of law would be a miscarriage of justice under the Act's enumerated factors.").

There is no reason to move forward with the pretrial motions deadline or trial date without the benefit of *Duarte*'s guidance. A continuance is warranted on this ground alone.

**2.    Mr. Wiederhorn's case presents "novel questions of … law."**

As this Court previously found, a continuance is also warranted because Mr. Wiederhorn's case presents unresolved "novel questions of [] law" under 18 U.S.C. § 3161(h)(7)(B)(ii). ECF No. 57 at 2. Other courts have found similarly. *See Johnson*, 2024 WL 4728978, at *1 (stating the constitutionality of 922(g)(1) was a "novel question[] of law"); *see also United States v. Baker*, 2023 WL 8487873, at *1 (W.D. Okla. Dec. 7, 2023) (finding that whether 922(n) was constitutional was "novel question of law" and thus a continuance was justified under § 3161(h)(7)(B)(ii) to resolve motion challenging 922(n) under *Bruen*).

Because the constitutionality of the charge against Mr. Wiederhorn remains unsettled, a continuance is necessary and warranted. Mr. Wiederhorn's counsel cannot fully advise him about the constitutionality of the charge until the decision is issued, and similarly counsel cannot determine how to proceed with its defense and motions strategy. *See United States v. Nguyen*, 262 F.3d 998, 1003 (9th Cir. 2001) (continuance should be granted when denial would infringe on defendant's right to effective assistance

of counsel); ECF No. 53-1 ¶ 7 (Fuchs Declaration in support of October 7, 2024 *Ex Parte* Application to Continue).

The Ninth Circuit will soon provide guidance on a novel question of constitutional law, and there is no reason to push forward with this resource-intensive case until that time. A continuance is warranted for this reason as well.

**3.    This case presents "unusual" and "complex" issues beyond the question of the constitutionality of the charge.**

The Court has also recognized that this case is "complex" and "will require additional time to litigate." ECF No. 57 at 2–3. This is because, in addition to resolving the novel constitutional question presented in *Duarte*, Mr. Wiederhorn's counsel must: (1) receive all outstanding discovery from the government; (2) review the voluminous discovery that has been produced (more than 2.9 million pages) and all outstanding discovery; and (3) prepare multiple pretrial motions. Under 18 U.S.C. § 3161(h)(7)(B)(ii), the "nature and volume of the evidence and legal issues at play" can be grounds supporting a continuance. *See e.g.*, *US v. Johnson*, 2022 WL 228974, at *2 (E.D. Cal. Jan. 26, 2022). The Ninth Circuit has held that "trial courts may grant excludable continuances to allow defense counsel to prepare motions" under this prong of the Speedy Trial Act. *United States v. Henderson*, 746 F.2d 619, 624 (9th Cir. 1984) (holding this supported continuance under either (B)(ii) or (B)(iv)).

Mr. Wiederhorn intends to file several complex and potentially case-dispositive pretrial motions. As explained in the October *ex parte* application to continue (ECF No. 53), Mr. Wiederhorn intends to move to suppress the un-*Mirandized* statements he made about the gun, and the gun itself. *See* ECF No. 53-1 ¶ 5. The gun was seized after the government executed a dawn raid and demanded—at gunpoint and without *Miranda* warnings—that Mr. Wiederhorn reveal whether any firearms were in the home. ECF No. 42-1 at 17–18; *see also United States v. Craighead*, 539 F.3d 1073, 1084 (9th Cir. 2008) (holding questioning that occurred during dawn raid at defendant's home was

custodial interrogation and required *Miranda* warnings).  Mr. Wiederhorn also intends to challenge the validity of the December 1, 2021 search warrant, because it contains several misstatements and omissions, including, as previously stated, reliance on a forged IRS document.  ECF No. 53-1 ¶ 5; *compare* ECF No. 47-4 at 1 (2016 form has handwritten "in process" note), *with* ECF No. 47-5 at 1 (purported 2018 form has *exact same* handwritten note).  Mr. Wiederhorn also intends to bring a motion to dismiss under *Bruen* and (eventually) *Duarte*, and a motion to dismiss under the "business practices" exception to 922(g)(1), which establishes that crimes related to "the regulation of business practices" cannot be predicate offenses under 922(g)(1).  *See* 18 U.S.C. § 921(a)(20)(A).

Mr. Wiederhorn needs more time to prepare these motions—not only because they involve complex issues, but also because (1) two senior members of his team have been displaced by the fire and (2) the government has still not produced all the discovery relating to them.  With respect to the first issue, the displacement of Mr. Fuchs and Mr. Nowicki has severely impacted their ability to work on this matter, including their work on the relevant motions.  Fuchs Decl., ¶¶ 2–6.  And on the second, although Mr. Wiederhorn has repeatedly raised the government's failure to produce discovery— including in his previous motion to continue—the government has still failed to produce all the discovery in this case.  *Id.* ¶¶ 7–11.

In particular, the government still has not produced notes corresponding to all of the reports created by the agents who interrogated Mr. Wiederhorn during the search of his home.  Fuchs Decl., ¶ 7.  The government has a clear obligation to produce these. *See United States v. Heine*, 314 F.R.D. 498, 513 (D. Or. 2016) ("upon the request of a defendant, any handwritten notes containing the substance of any relevant verbal statement made by any defendant must be produced 'if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent'" (quoting Rule 16(a)(1)(B)(ii)).  Indeed, Judge Klausner found in the related fraud case

12

Gibson, Dunn &
Crutcher LLP

2:24-CR-00296-WLH

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER
CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

that the government "appear[ed] to concede" that it was obligated to produce the agent notes. *See Wiederhorn*, Case No. 24-cr-295-RGK, ECF No. 94 at 3. These notes are critical to Mr. Wiederhorn's pretrial motion strategy, because agents have submitted conflicting memoranda regarding when and how Mr. Wiederhorn was interrogated about the gun. *See* ECF No. 53 at 9 (describing conflicting memoranda). Mr. Wiederhorn must review the agents' notes before he can file his *Miranda* motion.

In its October 15, 2024 opposition to Mr. Wiederhorn's motion to continue, the government claimed that no further notes existed. See ECF No. 55 at 7 ("There are <u>no additional agent notes</u> regarding defendant's statements to agents on the day of the searches of his residence."). But this proved false. At a December 16, 2024 meet and confer, the government stated agents were still searching for notes. Fuchs Decl., ¶ 7. And on February 12, 2025, the government produced handwritten notes from an IRS Special Agent that correspond to a recorded conversation with Mr. Wiederhorn the morning of the December 1 search, in addition to two sets of notes that correspond to a conversation with a co-defendant and Mr. Wiederhorn's wife. *Id.* In its February 24, 2025 opposition to Mr. Wiederhorn's *ex parte* application to continue, the government stated that it "knows of no additional notes pending production at this time." ECF No. 61 at 5. However, there are still government reports from the day of the search for which no notes have been produced, and the government has not confirmed that it has completed its search for notes. Fuchs Decl., ¶ 7.

The government also has not produced the contents of multiple electronic devices seized from Mr. Wiederhorn's son, Thayer Wiederhorn, during the December 1, 2021 search. Fuchs Decl., ¶ 8. As explained in Mr. Wiederhorn's October 2024 *ex parte* application, Thayer's house was searched at the same time as Mr. Wiederhorn's house, and Thayer told the government that the gun at issue belonged to him. ECF No. 53 at 10. Thus, his electronic devices may have exculpatory information showing the gun belonged to Thayer (not Mr. Wiederhorn), and for that reason, the contents of these

devices are extraordinarily relevant to the defense strategy. *Id.* Yet despite seizing Thayer's devices more than three years ago on December 1, 2021, the government has *still* not returned all the devices or produced their contents. Fuchs Decl., ¶ 8. Defense counsel expects that these devices could return hundreds of thousands of pages of additional discovery. *Id.* Once the government finally produces this discovery, defense counsel will need ample time to review and incorporate the findings. *Id.* The government has not provided a date by which the contents of the remaining devices will be produced. *Id.*

In addition, the government has yet to produce Mr. Wiederhorn's complete IRS collection file and other IRS discovery—despite a Court order to do so. Fuchs Decl., ¶ 9; *see also Wiederhorn, et al.*, Case No. 24-cr-295-RGK, ECF No. 94 at 1 (Judge Klausner finding that there is "no dispute" that the government must produce the IRS discovery). These tax records are critical to determining whether there are misstatements or omissions in the search warrant affidavit that could result in invalidating the search warrant and thus suppressing the gun that was discovered as a result of this warrant. Fuchs Decl., ¶ 9. At a December 16, 2024 meet and confer, the government stated it would ask the IRS to continue to search its files for the outstanding discovery. *Id.* On February 12, 2025, the government made a production that included 35 pages of additional IRS materials, but much remains outstanding. *Id.* For example, the government has not produced Mr. Wiederhorn's Forms 3210, 9297, Letters 1153, and its copies of the 433-As and 433-Ds; Mr. Wiederhorn's Form 1040 for the years 2016–2020; and the IRS communications history for the IRS Revenue Officer identified in the indictment in the fraud case, as well as others, that relate to Mr. Wiederhorn. *Id.*

In its February 24, 2025 opposition, the government argued that Mr. Wiederhorn is not entitled to receive this discovery prior to filing pretrial motions because he has not shown that the discovery "could contribute to, let alone establish, the showing necessary either for a *Franks* hearing or the suppression of the evidence." ECF No. 61 at 6. But

Gibson, Dunn &
Crutcher LLP

2:24-CR-00296-WLH

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER
CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

Mr. Wiederhorn does not need to argue the merits of his *Franks* motion before he receives the discovery—indeed, the whole reason Mr. Wiederhorn needs the discovery is to help evaluate what misstatements or omissions are included in the search warrant. As Mr. Wiederhorn previously explained, he and his counsel have already identified several misstatements and omissions in the warrant, including its reliance on an obviously forged IRS document. *See* ECF No. 42-1 at 18–19, ECF No. 47 at 10; *compare* ECF No. 47-4 at 1 (2016 form has handwritten "in process" note), *with* ECF No. 47-5 at 1 (purported 2018 form has *exact same* handwritten note). But he is entitled to review the IRS discovery to determine whether there are other misstatements and omissions in the warrant as well. Under Rule 16, the government must produce any discovery that is material to the defense. Fed. R. Crim. P. 16(a)(1)(E). This standard is not burdensome, and information is material even if it "cause[s] [the defendant] to completely abandon the [] defense and take an entirely different path." *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013). Even if the IRS evidence ultimately *supports* the warrant, it would still be relevant to Mr. Wiederhorn's determination regarding whether to bring the *Franks* motion and what to argue.

Beyond the significant discovery that remains outstanding, the discovery the government has produced is extraordinarily voluminous. To date, the government has produced over 2.9 million pages of discovery. Fuchs Decl., ¶ 10. In its prior opposition, the government argued discovery in this case is not voluminous and that Mr. Wiederhorn "conflates this case with the fraud case." ECF No. 61 at 5. But as Mr. Wiederhorn has already explained, the discovery in the fraud case is directly relevant to this case, because Mr. Wiederhorn intends to challenge the validity of the warrant (that was based on the government's *fraud* investigation) that allowed the government to be at his house in the first place when it seized the gun. ECF No. 53 at 11.

In addition, the government has been slow to produce much of the discovery in a manner that can be properly viewed or searched, due to technical and metadata-related

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

deficiencies.  Fuchs Decl., ¶ 10.  For example, much of the discovery was produced without sort dates, to/from/subject line information for emails, and metadata that connects parent documents and their attachments.  *Id.*  Although Mr. Wiederhorn's counsel raised this issue over four months ago, the government only just asked on February 13, 2025 for Mr. Wiederhorn to provide a hard drive so that the government can reproduce the documents *with* metadata.  *Id.*  Defense counsel received the re-produced discovery earlier this week, but has not yet been able to view it due to backend processing requirements.  *Id.*  The defective discovery productions include over 1.8 million pages of discovery, which Mr. Wiederhorn's counsel will need time to review.  *Id.*

Given the critical discovery that remains outstanding, the volume of discovery that has been produced (and reproduced so that it can be effectively reviewed), and the number of issues that must be briefed and addressed by this Court, this case is "unusual" and "complex" such that "it is unreasonable to expect adequate preparation for pretrial proceedings" or trial without a further continuance.  18 U.S.C. § 3161(h)(7)(B)(ii).  A continuance should be granted for this reason as well.

**4.    Failing to grant a continuance would deny defense counsel "the reasonable time necessary for effective preparation."**

At the very least, denying Mr. Wiederhorn a further continuance "would deny counsel for the defendant … the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Since the prior continuance granted in this case, several core members of the defense team have been severely impacted by the Palisades and Eaton fires.  Courts have found that "[a]lthough the Speedy trial Act does not directly address continuances stemming from … natural disasters … there is little doubt courts have discretion to order a continuance in such circumstances."  *United States v. Carlos Recinos*, 2020 WL 8255338, at *3 (C.D. Cal. Aug. 19, 2020) (citing *Furlow v. United States*, 644 F.2d 764,

16

769 (9th Cir. 1981) (continuing trial date following eruption of Mt. St. Helen)).  The unprecedented devastation caused by the recent Los Angeles wildfires only further compounds the unique difficulties and complexities presented by this case, discussed above.  When Douglas Fuchs lost his home in the Palisades fire, he also lost nearly all of his hard copy work product for this case, which was extensive.  Fuchs Decl., ¶ 3. Much of this work product was relevant to the upcoming May 2 motions deadline.  *Id.* Similarly, Daniel Nowicki's home was severely damaged by the Eaton Fire.  *Id.* ¶ 6.  His home suffered extensive smoke and ash damage, and he will not be able to return unless and until the home undergoes exhaustive remediation.  *Id.*  Both Mr. Fuchs and Mr. Nowicki have been focused on finding housing for their families and beginning the long road to rebuilding their lives and homes.  *Id.* ¶¶ 2–6.  Thus, defense counsel needs additional time to prepare pretrial motions and prepare for trial.

Beyond the wildfires, Mr. Wiederhorn's counsel cannot effectively prepare pretrial motions until the government has produced *all* outstanding discovery and until defense counsel has had sufficient time to review the millions of pages of discovery that must be reproduced (or produced in the first instance).  As this Court previously found, the government's delay in producing discovery, as well as the need to review voluminous discovery, can constitute grounds for a continuance under 18 U.S.C. § 3161(h)(7)(B)(iv).  ECF No. 57 at 3.  Other courts have found the same.  *See e.g.*, *United States v. Medina*, 524 F.3d 974, 977, 985-86 (9th Cir. 2008) (finding a continuance was warranted to allow for "effective preparation" when discovery was belatedly produced to the defendant); *United States v. Warren*, 984 F.2d 325, 329 n.6 (9th Cir. 1993) (stating "Court's concern that defense counsel lacked time to prepare a defense because of the government's delay in … providing discovery might itself be a proper ground for excluding time under the Act" pursuant to § 3161(h)(7)(B)(iv)); *United States v. Dota*, 33 F.3d 1179, 1182–83 (9th Cir. 1994) (affirming continuance on grounds that defendants "needed more time to review large amounts of documentary and tape

Gibson, Dunn &
Crutcher LLP

2:24-CR-00296-WLH

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER
CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

discovery"); *United States v. Escobar-Ayala*, 2018 WL 2735409, at *5 (N.D. Cal. June 7, 2008) (finding defendant's need to review "voluminous" discovery was sufficient basis to grant continuance to provide the "reasonable time necessary for effective preparation").

This delay is not the fault of defense counsel. Defense counsel has been diligent in litigating this case, and counsel in this case and in the case before Judge Klausner has had 8 telephonic meet and confers and sent 21 meet and confer letters and/or emails to the government regarding the outstanding discovery requests. Fuchs Decl., ¶ 11. The government has ignored many of these meet and confer letters and emails, or provided late or only partial responses. *Id.* Most recently, defense counsel sent a letter to the government on January 6, 2025. *Id.* The government has only partially responded to the issues raised in the letter. *Id.*

In addition, and as the Court recognized several times already, Mr. Wiederhorn's counsel cannot fully advise him regarding the constitutionality of the government's charge until the Ninth Circuit's ruling in *Duarte*. ECF No. 53-1 ¶ 7; ECF No. 57 (finding "the fact that Mr. Wiederhorn's counsel cannot advise him regarding the constitutionality of the charge until *Duarte* is decided" weighs in favor of continuance). Although courts have discretion to grant or deny continuances, "this discretion must be balanced against the defendant's Sixth Amendment right to counsel." *Nguyen*, 262 F.3d at 1003. Denying a further continuance here would infringe on Mr. Wiederhorn's Sixth Amendment rights by preventing his counsel from accurately advising him regarding the constitutionality of the indictment.

As this Court found when granting the last continuance, "even if this case is not 'complex,' the voluminous discovery, the fact that discovery from the government remains outstanding, and the numerous legal issues presented by the case," including the constitutionality of the charge, is such that "the failure to grant a continuance would 'deny counsel for the defendant … reasonable time necessary for effective preparation.'"

Gibson, Dunn &
Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER
CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

ECF No. 57 at 3. This remains true and is only exacerbated by the devastating nature of the recent wildfires. For this reason as well, a further continuance should be granted.

## C.    A Further Continuance Will Not Prejudice The Government

While prejudice to the government is not part of the Speedy Trial Act analysis, it is notable that the government has not identified any specific harm it will suffer from a continuance in this matter. The government waited two-and-a-half years after finding the gun to indict Mr. Wiederhorn. *See* ECF No. 47 at 2. And the government has not identified any specific problem or injury it will suffer from a further continuance here. The government also has not proposed any alternative continuance to the one proposed by Mr. Wiederhorn (which is designed to accommodate both Mr. Wiederhorn's *and* the government's schedule by ensuring that both sides have time to litigate the trial in the fraud case, which is scheduled to begin in late October 2025). When Mr. Wiederhorn's counsel approached the government about a continuance in this matter, the government stated it is opposed to "any continuance," no matter what length. Fuchs Decl., ¶ 12, Ex. 1.

Further, the public will not be harmed by a continuance here. Again, the government has not identified any particular harm that will result from a continuance or any evidence it claims will be lost. *See Johnson*, 2024 WL 4728978, at *2 (granting opposed continuance in 922(g)(1) case when, *inter alia*, the government did not identify any evidence that would be lost). To the contrary, not only is a continuance necessary so that Mr. Wiederhorn's counsel can prepare his defense—with the benefit of full discovery—but a continuance will serve judicial efficiency by allowing for the Ninth Circuit to clarify the law regarding 922(g)(1) before this Court must decide the constitutionality of the government's indictment. Courts have found that "the public's right to a speedy trial coexists with a public interest in efficient judicial processes." *Johnson*, 2024 WL 4728978, at *2 (citing *United States v. Lewis*, 611 F.3d 1172, 1177–1178 (9th Cir. 2010); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–

Gibson, Dunn &
Crutcher LLP

19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER
CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

1  864 (9th Cir. 1979)).  Here, "[a]n *en banc* decision in *Duarte* is likely to clarify novel

2  questions of law in Mr. [Wiederhorn's] case and could mean this case resolves without

3  a jury trial, thereby conserving judicial resources."  *Id.* (granting continuance in

4  922(g)(1) case that was indicted in April 20, 2023, well before this case was indicted).

5  This serves the interests of the public.

6  ## II.    CONCLUSION

7          For these reasons, Mr. Wiederhorn respectfully requests a continuance of all

8  pretrial deadlines and the trial itself.

Gibson, Dunn & Crutcher LLP

20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER
CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

1    DATED:  February 28, 2025          Respectfully submitted,

2                                            GIBSON, DUNN & CRUTCHER LLP

3

4                                            By: */s/ Douglas Fuchs*
                                               Douglas Fuchs

5

6                                            *Attorney for Defendant*
                                           *Andrew A. Wiederhorn*

7

8                                            By:
                                           Andrew A. Wiederhorn

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                      2:24-CR-00296-WLH

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER
CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Andrew Wiederhorn, certifies that this brief contains 6,798 words, which complies with the word limit of L.R. 11-6.1.

DATED:  February 28, 2025                    GIBSON, DUNN & CRUTCHER LLP

By: */s/ Douglas Fuchs*
_____
Douglas Fuchs

*Attorney for Defendant*
*Andrew A. Wiederhorn*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER CONTINUING PRETRIAL MOTIONS DEADLINE AND TRIAL DATE